### JAMES A. CAWLEY *vs.* EDWARD CAWLEY.

Middlesex.   March 17, 1902. — May 22, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Equity Pleading and Practice,* Master's report. *Partnership.*

In a suit for an accounting between partners, a motion was made to recommit a master's report to the master, directing him to make specific findings upon twelve questions concerning matters which were considered or might have been considered in making up the account. The original rule to the master, which was not appealed from, did not require such findings. The report was long and elaborate and stated very fully the considerations on which the master's decision was founded. The motion was denied by the judge. *Held,* that his discretion was exercised rightly.

In a suit for an accounting between partners, it appeared, that when the partnership was formed the defendant, a coal dealer, turned over his stock on hand without any inventory or ascertainment of its value to the partnership which thenceforth carried on the same business. The plaintiff, the defendant and several teamsters of the firm gave their estimates of the amount of coal on hand when the firm began business, which differed widely. The master, finding this evidence unsatisfactory, made calculations based on the amount of coal bought and sold by the firm from time to time, as it was shown by their books,

and the amount on hand at the close of business. There was also before the master the testimony of an expert accountant employed by the plaintiff to examine the books and exhibits. The master found the accountant's computations and estimate to be correct. *Held*, that no error appeared, and that the court could not say that the master was wrong in relying on the computations of the expert founded on the books and vouchers.

BILL IN EQUITY, filed May 23, 1890, for an accounting between partners.

In the Superior Court *Fessenden*, J. overruled the defendant's exceptions to the master's report and denied a motion of the defendant to recommit the report which is stated by the court. He found for the plaintiff and made a decree ordering the defendant to pay to the plaintiff $3,723.57 with interest from May 20, 1890, at the rate of six per cent per annum. The defendant appealed.

The judge filed the following statement: " In *Cawley* v. *Cawley* there was no evidence introduced at the hearings on the motions concerning the master's report. Nothing save the report was before the court. There were no facts found save those in the report."

*N. D. Pratt*, for the defendant.

*F. N. Wier*, ( *G. F. Richardson* with him,) for the plaintiff.

KNOWLTON, J. In this case it was found that a partnership existed between the parties from January 15, 1887, to May 20, 1890, and the case was referred to a master to state the account. After the master's report came in the defendant made a motion to recommit it, which was denied, and he appealed. His exceptions to the master's report were afterwards overruled and a final decree was entered for the plaintiff in accordance with the findings of the master, and the defendant again appealed. The case is before us on these two appeals.

The motion to recommit embodied a request that the master be directed to make specific findings upon twelve questions touching matters of which some were considered and others might have been considered in making up the account. The original rule to the master, which was not appealed from and which presumably was satisfactory to the parties, did not require such findings. The report is long and elaborate, and states very fully the considerations on which the master's decision was founded. The object of the motion, as we infer, was to obtain

findings,- if possible, which might strengthen the defendant's argument against the master's conclusions. We are of opinion that the discretion of the judge was rightly exercised in denying the motion. In view of the objections and suggestions of the defendant before the report was completed, the master stated at considerable length in his report the grounds on which he proceeded, and we are of opinion that there was no occasion to recommit the report for further findings.

The exceptions and the appeal from the final decree, as well as the motion which we have already considered, rest upon these two grounds: first, that because it was impossible to ascertain exactly the value of the property which was contributed to the firm by the defendant when the partnership was formed, the plaintiff could recover nothing; and secondly, that the findings of the master were on their face contradictory and erroneous.

The defendant had been a dealer in coal, wood, drain pipe, lime and cement, and the partnership afterwards carried on the same kind of business. The defendant's stock of goods was turned over to the firm without an inventory or any ascertainment of its value, and the questions in dispute relate to the findings on the subject, which were necessary in order to determine the profits of the partnership business.

There was evidence to warrant the master in finding facts sufficient to state the account. It is true that this evidence was not very satisfactory, and it left much to inference and estimate. The principal item in dispute was the amount of coal on hand when the firm commenced business. The plaintiff, defendant, and several teamsters of the firm, gave their recollection on this subject. This testimony consisted of general estimates in which the witnesses differed widely from one another. This evidence was so unsatisfactory that the master found it necessary to try to determine how much coal was bought and how much was sold by the firm while the business continued. The amount on hand at the close of business was agreed, and in this way, by calculation, the quantity which the defendant turned over to the firm in the beginning could be determined. The books of the firm, which purported to show purchases and sales, were before the master, with freight vouchers of the railroad company for weights delivered at the firm's side track, and certain checks showing

payments by the firm for coal. These books and exhibits seem to have been received and used without objection by either party. One Vinal, who died before the hearing ended, was employed by the plaintiff as an expert accountant to examine these books and exhibits, and his testimony was before the master. The master found from satisfactory evidence that the firm was practically out of coal on November 10, 1887, and in making his computations to ascertain the amount on hand in the beginning, he included only the receipts and sales down to that date, although Vinal's computations to the termination of the partnership were before him and were considered with the other evidence. The fact that the bins were practically empty at this date, the quantity on hand when they were in that condition having been found to be twenty-five tons, rendered it unnecessary to include in the computation the purchases and sales made afterwards. The master found Vinal's computation and estimate for the period between January 15, 1887, and November 10, 1887, to be correct, and so far as appears he was warranted in so finding. The evidence is not reported except that part which is embodied in the master's statement, and we cannot revise his findings unless error appears in this statement of them. We do not discover any error. The defendant's argument on this point rests chiefly on a supposed inconsistency between Vinal's computation for the period on which the finding is founded and his computation for the whole term of the partnership. But the loss of weight from shrinkage, or the possible gain from over-weight, of which there was evidence, might have been materially different in the different periods before and after November 10, 1887. We cannot say that the master was wrong in relying on Vinal's computations founded on the books and vouchers down to that date.

It is contended that the master could not state an account because it was impossible to ascertain the quantity of cement, wood, lime and sand on hand at the beginning or at the close of the partnership. The master reports that there was no evidence before him on this subject. He says, however, that it appears from an examination of the books that the firm dealt very little in either of these commodities. He accordingly states that the rights of neither party will be violated by his finding that in

the estimate of profits no account should be taken of the profits or losses. arising from their dealings in these articles. We cannot say that he is wrong in this finding. As indicating that the subject is unimportant, the fact that neither party saw fit to introduce any evidence upon it is very significant. An examination of the books might well justify his conclusion.

*Decree affirmed.*